1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DFI PROPERTIES, LLC

11              Plaintiff,              No. 2:13-cv-1020 TLN KJN PS

12         vs.

13    JOHN H. BOWLES,
                                       ORDER AND
14              Defendant.             FINDINGS AND RECOMMENDATIONS
      _____/

15

16         This is an unlawful detainer action that was removed to this court by defendant

17    John H. Bowles, proceeding without counsel, from the Placer County Superior Court on May 22,

18    2013.  (ECF No. 1)[1]  Defendant also filed a request to proceed in forma pauperis.  (ECF No. 2.)

19         Defendant's application in support of his request to proceed in forma pauperis

20    makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants

21    defendant's request to proceed in forma pauperis.

22         The determination that a party may proceed in forma pauperis does not complete

23    the required inquiry.  A federal court has an independent duty to assess whether federal subject

24    matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life

25    _____

26    [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
      U.S.C. § 636(b)(1).

                                          1

1   Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district

2   court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,

3   whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,

4   342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a

5   district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms

6   Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)

7   (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.

8   1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the

9   district court lacks subject matter jurisdiction, the case shall be remanded").  For the reasons

10   outlined below, the court finds that it lacks subject matter jurisdiction over the action and

11   recommends that the action be remanded to state court.

12              In relevant part, the federal removal statute provides:

13              (a) Except as otherwise expressly provided by Act of Congress, any
           civil action brought in a State court of which the district courts of
14           the United States have original jurisdiction, may be removed by the
           defendant or the defendants, to the district court of the United
15           States for the district and division embracing the place where such
           action is pending.

16

17   28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

18   Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

19   "The removal statute is strictly construed against removal jurisdiction," id., and removal

20   jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance,"

21   Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation

22   and quotation marks omitted).

23              A federal district court generally has original jurisdiction over a civil action when:

24   (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of

25   the United States" or (2) there is complete diversity of citizenship and the amount in controversy

26   exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted). Mere reference to federal law is insufficient to permit removal. See Smith v. Indus. Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

Here, removal cannot be based on federal question jurisdiction. The state court pleadings and papers accompanying the removal notice establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such. (See ECF No. 1 at 5-9.) Plaintiff, after apparently having acquired the subject real property in Auburn, California at a foreclosure sale, is the owner of the property and is seeking to evict defendant from the property. (ECF No. 1 at 7-9.) This court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court.

Defendant contends that federal question jurisdiction exists because plaintiff's claim is purportedly based on, and draws into the controversy of this action, the Protecting Tenants at Foreclosure Act ("PTFA").  See Pub. L. No. 111-22, § 702, 123 Stat. 1632 (2009).  The PTFA "provides certain protections to tenants who reside in properties subject to foreclosure," including the requirement that a 90-day notice to vacate be given to bona fide tenants.  SD Coastline LP v. Buck, 2010 WL 4809661, at **1-2 (S.D. Cal. Nov. 19, 2010) (unpublished).  However, plaintiff's complaint itself is strictly an action based on the California unlawful detainer statutes, and defendant's reference to the PTFA is best characterized as a potential defense or counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.

Any defenses based on federal law must generally be raised in the state court action and do not provide a basis for removal.  "A case may not be removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")  Indeed, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision of the PTFA.  See, e.g., Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at **2-3; Aurora Loan Servs, LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished).  Such rejection is based on the fact that an argument relying on the PTFA's notice provision is an attempt to premise the court's subject

1   matter jurisdiction on a defense or counterclaim.[2]

2          Furthermore, this action cannot be removed on grounds of diversity jurisdiction.

3   First, the amount in controversy does not exceed $75,000, because plaintiff's complaint

4   specifically does not seek more than $25,000.  (ECF No. 1 at 7.)  Second, even if the amount in

5   controversy exceeded $75,000, defendant is a citizen of California, and therefore cannot remove

6   the action from a California state court on the basis of diversity jurisdiction.  See 28 U.S.C. §

7   1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a

8   claim or right arising under the Constitution, treaties or laws of the United States shall be

9   removable without regard to the citizenship or residence of the parties.  *Any other such action*

10  *shall be removable only if none of the parties in interest properly joined and served as*

11  *defendants is a citizen of the State in which such action is brought*") (emphasis added).

12         Based on the aforementioned analysis, the court finds that it lacks subject matter

13  jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

14  CONCLUSION

15         For the foregoing reasons, IT IS HEREBY ORDERED that defendant's request to

16  proceed in forma pauperis (ECF No. 2) is GRANTED.

17         IT IS ALSO HEREBY RECOMMENDED that:

18         1.  The action be REMANDED to the Placer County Superior Court.

19         2.  The Clerk of Court be directed to serve a certified copy of the order on the

20  Clerk of the Placer County Superior Court, and reference the state case number (MCV0058027)

21  in the proof of service.

22         3.  The Clerk of Court be directed to close this case and vacate all dates.

23

24         [2]  Additionally, federal district courts have concluded that the PTFA does not create a
    federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank
25  Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished);
    Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at **2-4 (S.D. Cal. Oct. 1, 2010)
26  (unpublished).

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3  (14) days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served on all parties and filed with the court within fourteen (14) days after service of the

7  objections.  The parties are advised that failure to file objections within the specified time may

8  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

9  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

10    IT IS SO ORDERED AND RECOMMENDED.

11  DATED:  May 23, 2013

12

13

14  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26